### ARBIB et al. v. UNITED STATES.

#### (Circuit Court, S. D. New York. March 8, 1898.)

CUSTOMS DUTIES—IVORY.

Cross sections, 2–2½ inches long, sawed from the solid portion of ivory tusks, with the outer covering or bark left on, and generally known in trade as "billiard-ball blocks" and "logs," were free of duty, under paragraph 519 of the tariff act of 1894, as "ivory sawed or cut into logs, but not otherwise manufactured," and were not subject to a duty of 35 per cent., under paragraph 354 of the same act, as "manufactures of ivory not otherwise provided for."

This was an appeal by E. J. Arbib & Co. from a decision of the board of general appraisers affirming the action of the collector of the port of New York in respect to the classification for duty of certain goods imported by them.

William B. Coughtry, for importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The articles in question are cross sections, 2–2½ inches long, sawed from the solid portion of ivory tusks, with the outer covering or bark left on. From the conflicting testimony of witnesses, chiefly foreigners, it appears that they are generally known in trade and commerce of this country as "billiard-ball blocks," and as "logs," under which latter name they are generally known in Germany. The cost of sawing is about two cents per block. Such sawing does not increase the value of the ivory, and no selection is exercised therein, except to sever the solid portion from the hollow portion at one end, and the point at the other. They are generally used for making billiard balls, but are capable of use, and are actually used, for other purposes. They were classified for duty at 35 per cent., as "manufactures of ivory not otherwise specially provided for," under the provisions of paragraph 354 of the act of 1894. The importer protested, claiming that they were free, as "ivory sawed or cut into logs, but not otherwise manufactured," under paragraph 519 of said act. I think congress must be presumed to have inserted the word "log" into the act of 1894 because frequently the whole tusk was not imported, and in order to remove all ambiguity in the use of the word "tusks" in the prior act, and that congress thereby intended to permit free the introduction of pieces of ivory merely cut into cross sections, where the bark was left intact, and not otherwise manipulated. It appears that while the various portions of the tusk are respectively known by particular names of "point," "ball blocks," or "hollows," they all fall within the descriptive name "logs," when the bark is left on, to distinguish them from the entire tusk. These portions of the tusk, if somewhat longer, would unquestionably be universally known as "logs." The term "billiard-ball blocks" is not found

in the act of 1894. Congress having adopted the descriptive term "logs," it has acquired a statutory meaning in this country which takes precedence of other designations. Even if these logs were manufactures of ivory, as contended by counsel for the United States, they are otherwise specifically provided for as "ivory sawed into logs," etc. The decision of the board of general appraisers affirming the action of the collector is reversed.